STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, SS.                                   Civil Action, Docket No.
                                                  CV-07-19

LAURIE CHADWICK, of Sebago,        )
Cumberland County, Maine,          )
                                   )
         Plaintiff,                )
                                   )
    v.                             )
                                   )
WELLPOINT, INC., of South Portland,)
Cumberland County, Maine           )
                                   )
         and                       )
                                   )
ANTHEM HEALTH PLANS OF             )
MAINE, INC., South Portland,       )
Cumberland County, Maine,          )
                                   )
         Defendants.               )
                                   )

**COMPLAINT, DEMAND FOR JURY TRIAL,
AND INJUNCTIVE RELIEF SOUGHT**

Laurie Chadwick complains against defendants as follows:

**SUMMARY OF COMPLAINT**

1. After nine years of consistently strong performance and leadership, Laurie Chadwick was told by her employer that she was denied a promotion to a "Team Lead" supervisory position because she was a mother with four children, including six-year-old triplets and an eleven-year old. Ms. Chadwick has received consistently strong praise from her superiors, had been encouraged to apply for the position by one of the decisionmakers, and was even told in her performance review in 2006 that she would be receiving a promotion: "This year looks to be full of challenges as you leave your position behind and learn a whole new job. I

know you'll do a great job, keep up the good work." Unfortunately, her employer ultimately decided to deny her the promotion to the Team Lead position because of gender stereotypes about women with children, including that women are mothers first, and workers second. When she was denied the promotion she was directly told that because of her responsibilities as a mother she "had too much on her plate" and that the female decisionmakers felt that if they were in Ms. Chadwick's position, they would be "overwhelmed."

## PARTIES

2. Plaintiff Laurie Chadwick is a resident of Sebago, Cumberland County, Maine.

3. Defendant Wellpoint, Inc. is a foreign corporation with a place of business in South Portland, Cumberland County, Maine. During 2005 and 2006, Wellpoint employed in excess of 500 employees during 20 or more weeks of each of those years.

4. Defendant Anthem Health Plans of Maine, Inc. ("Anthem") is an insurance corporation organized under the laws of Maine with a principal place of business in South Portland, Cumberland County, Maine. During 2005 and 2006, Anthem employed in excess of 200 employees during 20 or more weeks of each of those years.

## JURY TRIAL DEMAND

5. Under M.R. Civ. P. 38(b), plaintiff hereby demands trial by jury on all issues triable to a jury.

## FACTS

6. Ms. Chadwick has worked for Wellpoint and Anthem for more than nine years. She consistently received positive feedback about her performance. For example, on her

performance review dated February 2006, she received an overall rating of "Highly Successful" (a "4" on a 5-point scale).

7. Ms. Chadwick's most recent performance review also stated that she would be promoted: "Laurie, you are off to a great start [1st Quarter of 2006] for another successful year. This year looks to be full of challenges as you leave your position behind and learn a whole new job. I know you'll do a great job, keep up the good work."

8. Ms. Chadwick has four children, six year-old triplets and an eleven year-old. Throughout her employment, Ms. Chadwick successfully managed to perform well at work and was not told by her employer that her children or family life detracted from her performance.

9. Ms. Chadwick applied for a promotion to a supervisory position ("Team Lead") within her department in June 2006. The Team Lead position included expanded duties, a higher salary range, and an increase in pay. The promotion also made it more likely that Ms. Chadwick would be able to advance further up the company ladder in the future.

10. Ms. Chadwick had clearly superior qualifications for the position compared to the person who was ultimately hired for the position. For example, she had more relevant experience in the department and performed more, and more complex, duties than the person ultimately hired.

11. Ms. Chadwick's former supervisor, Linda Brink, telephoned Ms. Chadwick and told her that she thought "a lot of" Ms. Chadwick and that Ms. Chadwick should apply for the Team Lead position.

12. Ms. Chadwick's interview with her direct supervisor, Nanci Miller, went very well and Ms. Miller advised Ms. Chadwick to stress in her interview with Linda Brink and Dawn

Leno that Ms. Chadwick is a "positive role model" to her teammates, that she was currently performing one of the more important tasks of the new position for her office, and that she was a "subject matter expert" for her teammates and others within the organization.

13. On July 13, 2006, Nanci Miller told Ms. Chadwick she did not get the "Team Lead" position. Ms. Miller said that it "was not anything you did or didn't do." She told Ms. Chadwick that she had "too much on her plate" including her "kids" and the classes Ms. Chadwick was taking towards her bachelor's degree. She told Ms. Chadwick that Ms. Brink and Ms. Leno said that if they were in Ms. Chadwick's position, they would be "overwhelmed."

14. Ms. Chadwick filed a charge of discrimination with the Equal Employment Opportunity Commission on September 12, 2006 alleging sex discrimination arising from her denial of the Team Lead position.

15. Ms. Chadwick received a "Dismissal and Notice of Rights" letter from the EEOC on or after October 14, 2006. The letter advised Ms. Chadwick of her right to file a lawsuit for sex discrimination within ninety days of receiving the letter.

## LEGAL CLAIM

## (UNLAWFUL SEX DISCRIMINATION)

16. Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint as if fully rewritten herein.

17. By virtue of the foregoing, Wellpoint and Anthem failed and refused to promote and otherwise discriminated against any Ms. Chadwick with respect to her compensation, terms, conditions, and privileges of employment, because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. A motivating factor in the decision to

deny Ms. Chadwick the promotion to "Team Lead" was that Ms. Chadwick was a female with three six year-old children and an eleven year-old child. A motivating factor in the decision was the gender stereotype that, because she is a woman, Ms. Chadwick would allow her obligations to her children and husband to adversely affect her work performance. A motivating factor in the decision was the gender stereotype that a woman should be home with her children and that a woman should not spend too much time at work away from her primary responsibility, her family, because women are mothers first, and workers second.

18. As a direct and proximate result of the defendants' intentional discrimination, Ms. Chadwick has suffered and will continue to suffer damages including, but not limited to, lost wages and benefits, emotional pain and distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to reputation, and other non-pecuniary losses.

WHEREFORE, plaintiff requests relief as follows:

(a) Enter declaratory relief that the defendants have engaged in unlawful sex discrimination against the plaintiff;

(b) Enter injunctive relief ordering defendants to require affirmative training and other steps to reduce the likelihood of similar gender stereotype discrimination by the defendants in the future and order defendants to desist from all unlawful discrimination against female employees with children;

(c) Award back pay for lost wages and benefits, prejudgment interest on back pay and benefits, and reinstatement or front pay for future lost wages and benefits;

(d) Award compensatory and punitive damages in an amount to be determined at trial and prejudgment interest thereon;

(e) Award plaintiff her full costs, including reasonable attorney's fees and expert fees; and

(f) Award such further relief as is deemed appropriate.

Respectfully submitted,

Date: January 11, 2007

*David Webbert*
David G. Webbert, Bar No. 7334

*Matthew Keegan*
Matthew S. Keegan, Bar No. 8959
JOHNSON & WEBBERT, L.L.P.
160 Capitol Street, Suite 3, P.O. Box 79
Augusta, Maine 04332-0079
Tel: 207-623-5110

Attorneys for Plaintiff