UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LAURIE CHADWICK, ) | |
| ) | |
|     PLAINTIFF  ) | |
| ) | |
| v.  ) | CIVIL NO. 07-70-P-H |
| ) | |
| WELLPOINT, INC AND  ) | |
| ANTHEM HEALTH PLANS  ) | |
| OF MAINE, INC.  ) | |
| ) | |
| ) | |
|     DEFENDANT  ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

This is a 12(b)(6) motion to dismiss an employment sex discrimination complaint. It raises issues concerning what a female plaintiff must plead to state a claim, as well as whether it would be useful to convert the motion to a summary judgment motion. It is the defendant employer's view that because another woman received the promotion that the plaintiff wanted, the plaintiff will never be able to prove sex discrimination and that it is expensive and pointless to go through discovery and pretrial proceedings to arrive at that inevitable outcome. I conclude that the promotion of another woman does not foreclose the plaintiff's ability to prove her case, and that the law entitles her to proceed with her case.

The plaintiff is a mother of four: 6-year-old triplets and an 11-year-old. In her complaint she says that her employer told her that her failure to receive a

promotion "was not anything [she] did or didn't do," but that "she had 'too much on her plate' including her 'kids' and the classes [she] was taking towards her bachelor's degree." Compl. ¶ 13 (Docket Item 1-4). She was told that the female decision makers felt that "if they were in [her] position, they would be 'overwhelmed.'" Id. The complaint does not allege who was promoted in her stead.

In its motion to dismiss, the employer reveals that the person receiving the promotion was a mother of two: a 10-year-old and a 15-year-old. It attaches an affidavit to that effect, stating there is no disagreement between the parties. In response, the plaintiff agrees that another woman received the promotion, but professes ignorance concerning the ages of the other woman's children or whether the decisionmakers knew of the children when they selected her. The plaintiff argues that her complaint was not defective in failing to allege the sex of the person who replaced her, that I should not consider the defendant's affidavit, and that the case is not ripe for summary judgment.

## ANALYSIS

### *(1)   Motion to Dismiss*

The plaintiff is correct that she is not required to plead in her complaint that someone outside the protected class received the promotion that she was denied. It is not even part of her prima facie case. Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148, 155 (1st Cir. 1990) ("[I]n a case where an employee claims to have been discharged in violation of Title VII, she can make out the fourth element of her prima facie case without proving that her job was filled by a person not possessing the protected attribute."). The complaint here adequately pleads sex

2

discrimination, and contains sufficient detail given the statements that management allegedly made.

### (2)   *Summary judgment*

Should I nevertheless direct the plaintiff to respond to the motion as one for summary judgment? See Fed. R. Civ. P. 12(c). Although I considered that option seriously, I conclude that it is inappropriate. Even if the affidavit is true in every respect, summary judgment is not yet available.

The question of sex discrimination here is whether the employer denied this female with 6-year-old triplets and an 11-year-old a promotion when it would have given the promotion to a male with the same number of same-aged children. Phillips v. Martin Marietta Corp., 400 U.S. 542 (1971); Carson v. Bethlehem Steel Corp., 82 F.3d 157, 158 (7th Cir. 1996) ("The central question in any employment-discrimination case is whether the employer would have taken the same action had the employee been of a different . . . sex . . . and everything else had remained the same."). Certainly it is relevant for the factfinder to learn that ultimately a female with somewhat older and fewer children received the promotion. But that is not dispositive of the discrimination claim (the assertion that the employer treated women with very young children differently from men with very young children), particularly in the face of the statements allegedly made to the plaintiff and her allegations that her qualifications (relevant experience and duties) were superior to those of the woman eventually promoted in her stead. Compl. ¶ 10. See O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312 (1996) (holding in an ADEA case that "[t]he fact that one person in the protected class

3

has lost out to another person in the protected class is . . . irrelevant, so long as he has lost out *because of his age*.") (emphasis original). Even accepting the affidavit as true and undisputed, it still is possible that the employer treated females with several very young children differently from how it treated similarly situated males. I do not accept the defendant's argument that the replacement's "gender alone, not the number of children that she has or whether the decision-makers knew that she had children, dooms Plaintiff's sex discrimination claim." Defs.' Reply in Support of Mot. to Dismiss (Docket Item 13) at 3-4. All the plaintiff is required to show at this stage is "'evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion . . . .'" O'Connor, 517 U.S. at 312 (quoting Teamsters v. United States, 431 U.S. 324, 358 (1977)). The allegations in the complaint create such an inference. The motion is **DENIED**.

**SO ORDERED.**

**DATED THIS 3RD DAY OF JULY, 2007**

/S/ **D. BROCK HORNBY**
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

4

**U.S. DISTRICT COURT**
**DISTRICT OF MAINE (PORTLAND)**
**CIVIL DOCKET FOR CASE #: 2:07CV70 (DBH)**

| | | |
|---|---|---|
| **LAURIE CHADWICK,**<br><br>    **Plaintiff** | represented by | **DAVID G. WEBBERT**<br>**MATHEW S. KEEGAN**<br>JOHNSON & WEBBERT, LLP<br>160 CAPITOL STREET<br>PO BOX 79<br>AUGUSTA, ME 04332<br>(207) 623-5110<br>Email:<br>dwebbert@johnsonwebbert.com<br>mkeegan@johnsonwebbert.com |

v.

| | | |
|---|---|---|
| **WELLPOINT, INC. AND ANTHEM HEALTH PLANS OF MAINE, INC.**<br><br>    **Defendants** | represented by | **KATHARINE I. RAND**<br>**MARGARET C. LEPAGE**<br>PIERCE, ATWOOD LLP<br>ONE MONUMENT SQUARE<br>PORTLAND, ME 04101-1110<br>(207)791-1100<br>Email:<br>krand@pierceatwood.com<br>mlepage@pierceatwood.com |